1   Jessica L. Linehan (SBN 223569)
    DORSEY & WHITNEY LLP
2   38 Technology Drive
    Irvine, California  92618
3   Telephone: (949) 932-3600
    Facsimile: (949) 932-3601
4   linehan.jessica@dorsey.com

5   Attorneys for Defendant
    AMERIPRISE FINANCIAL SERVICES, INC.

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11                                      **CV08-07137 PSG (Ex)**

    JUSTIN REESE,                       CASE NO:
12
                        Plaintiff,      **NOTICE OF REMOVAL PURSUANT**
13                                      **TO 28 U.S.C. SECTIONS 1332 AND**
14      vs.                             **1441(B)**

15   AMERIPRISE FINANCIAL
16   SERVICES, INC., a Delaware
     corporation, GEORGE ALEX ZEPPOS
17   and DOES 1 through 100 inclusive,

18

19
20                   Defendants.

21

22

23            TO THE CLERK OF THE ABOVE ENTITLED COURT:

24            PLEASE TAKE NOTICE THAT Defendant Ameriprise Financial Services, Inc.

25   (which does business in California as Ameriprise Financial Services, Inc.), (hereinafter

26   "Defendant" or "Ameriprise Financial") hereby removes to the United States District

27   Court for the Central District of California the state court action described below:

28            1.      On September 19, 2008, a civil action was commenced by Plaintiff Justin

     Reese ("Plaintiff"), in the Superior Court of the State of California, for the County of

1  Los Angeles, entitled <u>Justin Reese v. Ameriprise Financial Services, Inc., George Alex</u>

2  <u>Zeppos and Does 1-100, inclusive</u>, case no. BC398483 (hereafter, the "State Court

3  Action"). A true and correct copy of the Summons, Complaint and all related

4  documents served on Defendant in the State Court Action are attached hereto as Exhibit

5  A.

6      2.    Plaintiff served a copy of the Summons and Complaint on Defendant

7  Ameriprise Financial on September 29, 2008. (*See* Declaration of Jessica Linehan, ¶ 1).

8  The Summons and Complaint were served by Plaintiff on said Defendant through its

9  registered agent for service in California on September 29, 2008. *Id.* The Complaint

10 was accompanied by, *inter alia*, a Complaint for Damages that placed Defendant on

11 notice of the claims and damages in controversy in this action. *Id.* This removal is

12 timely because this notice of removal was filed and served by Defendant within 30 days

13 of the date on which Defendant was served with the Complaint. The Summons,

14 Complaint for Damages, and related documents attached as Exhibit A constitute all of

15 the pleadings, process and orders served on Defendant in the State Court Action.

16     3.    The State Court Action is a civil action of which this United States District

17 Court has original jurisdiction under 28 U.S.C. Section 1332, and is one which may be

18 removed to this District Court by Defendant pursuant to 28 U.S.C. Section 1441(b) in

19 that this is an action between citizens of different states and the matter in controversy

20 likely exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff has stated

21 his amount of damages as in excess of $25,000, and alleges lost salary, bonuses, and

22 other employment benefits. Plaintiff also alleges both past and future damages due to

23 emotional distress, humiliation, mental anguish and embarrassment, as well as physical

24 symptoms and punitive damages. *See* Complaint for Damages, attached hereto as

25 Exhibit A.

26     4.    From the date of filing of the State Court Action to the present, and during

27 all relevant times herein, Plaintiff, on the one hand, and Defendants, on the other hand,

28 were and are citizens of different states, as follows:

1       (a)    Plaintiff, from the date of filing of the State Court Action to the

2  present, is and has been a citizen and resident of the State of California. *See* Complaint,

3  p. 2, ¶ 1.

4       (b)    Plaintiff's Complaint identifies Ameriprise Financial Services, Inc.

5  as a Defendant. Ameriprise Financial Services, Inc. is not a citizen of the State of

6  California. Rather, Ameriprise Financial Services, Inc., from the date of filing of the

7  State Court Action to the present, is and has been a corporation organized and existing

8  under the laws of the State of Delaware, with its principal place of business located in

9  the State of Minnesota. A true and correct copy of the California Secretary of State

10  summary regarding Ameriprise Financial Services, Inc., is attached hereto as Exhibit B.

11       (c)    Plaintiff's Complaint identifies George Alex Zeppos as a Defendant.

12  George Alex Zeppos, from the date of filing of the State Court Action to the present, to

13  the best of Defendant Ameriprise Financial's knowledge, has been a citizen and resident

14  of the State of Massachusetts, although Plaintiff states in the Complaint that George

15  Alex Zeppos currently resides in Pennsylvania. As a result, whether Mr. Zeppos is a

16  citizen and resident of Massachusetts or Pennsylvania, there still exists complete

17  diversity between the parties. Complaint, p. 2, ¶ 3.

18     5.    The State Court Action alleges that the amount in controversy is in excess

19  of $25,000, and alleges a lengthy list of compensatory and punitive damages including

20  lost salary, bonuses, other employment benefits, as well as emotional distress damages

21  (both past and future), which are more probable than not to be in excess of $75,000, and

22  thus be above the jurisdictional minimum of this court. *See White v. FCI USA, Inc.*, 319

23  F.3d 672, 674 (5th Cir. 2003); Complaint for Damages, attached hereto as Exhibit A.

24     6.    Therefore, complete diversity exists between the Plaintiff, Defendant

25  Ameriprise Financial and Defendant George Alex Zeppos, and diversity jurisdiction is

26  proper before this District Court.

27

28

1   DATED:  October 29, 2008

2                                   DORSEY & WHITNEY LLP

3                                   By

4                                      Jessica L. Linehan
                                       Attorneys for Defendant AMERIPRISE
5                                      FINANCIAL SERVICES, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(B)

# EXHIBIT A

9-29-08
1:20 M

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
AMERIPRISE FINANCIAL SERVICES, INC., a Delaware Corporation,
GEORGE ALEX ZEPPOS and DOES 1-100 inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JUSTIN REESE

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 19 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
BC 398483

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua W. Glotzer, 6399 Wilshire Blvd., Suite #810, Los Angeles, CA 90048, (323) 456-0288

DATE: SEP 19 2008
*(Fecha)*

Clerk, by S. WESLEY , Deputy
*(Secretaria)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Ameriprise Financial Services Inc.

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 5-29-00

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. www.USCourtForms.com

1  Steven M. Sweat Esq. [State Bar No. 181867]
   LAW OFFICES OF STEVEN M. SWEAT
2  6399 Wilshire Blvd., Suite #810
   Los Angeles, California 90048
3  Telephone – (323) 944-0993
   Facsimile – (323) 456-0377
4

5  Joshua W. Glotzer, Esq. [State Bar No. 178228]
   JOSHUA W. GLOTZER, ESQ., A PROFESSIONAL CORPORATION
6  6399 Wilshire Blvd., #810
   Los Angeles, California 90048
7  (323) 456-0288 - Telephone
   (323) 456-0377 - Facsimile
8

9

10 Attorneys for Plaintiff,
   JUSTIN REESE

11

12           SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              FOR THE COUNTY OF LOS ANGELES

14 JUSTIN REESE,                        )   CASE NO. BC 398483
                                        )
15              Plaintiff,              )   COMPLAINT FOR DAMAGES
                                        )
16                                      )   Over $25,000.00
                                        )
17         vs.                          )
                                        )
18                                      )
                                        )
19 AMERIPRISE FINANCIAL SERVICES        )
   INC., a Delaware Corporation, GEORGE )
20 ALEX ZEPPOS and Does 1-100 inclusive,)
                                        )
21                                      )
                                        )
22                                      )
                                        )
23              Defendants.             )
                                        )
24 _____  )

25 PLAINTIFF, JUSTIN REESE, complains and alleges as follows:

26              GENERAL ALLEGATIONS

27

28 _____
                   Complaint for Damages
                          1

FILED
LOS ANGELES SUPERIOR COURT

SEP 1 9 2008

JOHN A. CLARKE, CLERK

BY SHAUNYA WESLEY, DEPUTY

CITY/CASE: BC398483 LEA/DEF#:
RECEIPT #: CCH465980069
DATE PAID: 09/19/08 12:47:58 PM
PAYMENT: $320.00
RECEIVED:

CHECK:          320.00
CASH:
CHANGE:
CARD:           0310

1.    At all times herein mentioned, Plaintiff, JUSTIN REESE (hereinafter "REESE"), was a resident of the County of Los Angeles, State of California.

2.    At all times herein mentioned, Defendant, AMERIPRISE FINANCIAL SERVICES, INC., (hereinafter "AMERIPRISE") is and was a Delaware Corporation duly licensed to do business in California with its principal place of business located at 11835 W. Olympic Blvd., Suite 900E, Los Angeles, CA 90064.

3.    At all times herein mentioned, Defendant, GEORGE ALEX ZEPPOS (hereinafter "ZEPPOS") resided in the County of Los Angeles, State of California.  Plaintiff is informed, believes and based thereon alleges that Defendant ZEPPOS currently resides at 1050 Oak Mill Rd, Reading, PA 19610.

4.    At all times herein mentioned, Defendant AMERIPRISE employed Plaintiff at 11835 West Olympic Blvd., Suite 900E, Los Angeles, CA 90064.

5.    Plaintiff JUSTIN REESE, is a man who was hired by Defendant, AMERIPRISE, in or about May of 2006 as an investment advisor..  At the time of Plaintiff's constructive termination from AMERIPRISE on or about April 16, 2008, Plaintiff was earning approximately $80,000.00 per year.

6.    Plaintiff is informed and believes that at all times herein mentioned, George Zeppos (hereinafter "ZEPPOS") was a managing agent of AMERIPRISE.  Plaintiff is informed and believes that at all times herein mentioned, ZEPPOS worked as a supervisor for AMERIPRISE.  Plaintiff is informed and believes that ZEPPOS was instrumental in the constructive termination of Plaintiff's employment from Defendant, AMERIPRISE.

7.    Plaintiff is informed and believes that at all times herein mentioned, Lauren Cavanaugh (hereinafter "CAVANAUGH") was a managing agent of AMERIPRISE.  Plaintiff is informed and believes that at all times herein mentioned, CAVANAUGH worked as a supervisor for AMERIPRISE.  Plaintiff is informed and believes that CAVANAUGH was instrumental in the constructive termination of Plaintiff's employment from Defendant, AMERIPRISE.

Complaint for Damages

2

8.      Plaintiff is informed and believes that at all times herein mentioned, Taylor Hamilton (hereinafter "HAMILTON") was a managing agent of AMERIPRISE. Plaintiff is informed and believes that at all times herein mentioned, HAMILTON worked as a supervisor for AMERIPRISE. Plaintiff is informed and believes that HAMILTON was instrumental in the constructive termination of Plaintiff's employment from Defendant, AMERIPRISE.

9.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

10.     Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, thereon alleges that at all times herein mentioned, each of the remaining co-Defendants, in doing the things hereinafter alleged, were acting within the course, scope and under the authority of their agency, employment, or representative capacity, with the consent of her/his co-Defendants.

11.     Starting in May of 2006 until Plaintiff's constructive termination from AMERIPRISE,, Defendant ZEPPOS, the field vice president of Defendant, harassed and discriminated against Plaintiff on a constant basis. Defendant ZEPPOS verbally accosted Plaintiff calling him a "fucking faggot" on several occasions.   When Plaintiff first started working for Defendant, Defendant ZEPPOS told Plaintiff he wanted to make out with his girlfriend, who was in training to work at Ameriprise at the time.  Defendant ZEPPOS would constantly make comments about Plaintiff's physique including telling Plaintiff he had the body of a "12 year old boy." Defendant ZEPPOS would also physically harass Plaintiff in a sexual manner grabbing Plaintiff's buttocks on several different occasions. Defendant ZEPPOS would also grab Plaintiff's crouch area

Complaint for Damages

3

on several occasions as well.  Plaintiff protested to Defendant ZEPPOS on several occasions asking him to stop his severely inappropriate conduct. Defendant ZEPPOS did not refrain from his conduct and grabbed Plaintiff again in an elevator at work.  Defendant ZEPPOS would also make constant inappropriate racial slurs at work in front Plaintiff calling other employees "nigger" in front of Plaintiff.  Plaintiff also observed Defendant ZEPPOS make discriminatory remarks about Hispanic and Asian employees. Mr. ZEPPOS also harassed another male employee telling people in the office that the employee was a "homosexual."

12.  Plaintiff complained about Defendant ZEPPOS to George Borderlon, Group Vice President for Defendant, in or about September of 2007.  Shortly thereafter, Defendant ZEPPOS was transferred out of Plaintiff's office location.  In or about October of 2007, Bruce Borderlorn referred Plaintiff's complaint to HR where Plaintiff again complained and documented the verbal and physical harassment of Defendant ZEPPOS.  Eventually Defendant ZEPPOS was asked to step down as a vice-president and was allowed to transfer to an independent agent.

13.  Within one week after ZEPPOS left AMERIPRISE, investigators from AMERIPRISE came to Plaintiff's office and spent all day copying every file Plaintiff ever had.  Plaintiff is informed believes and based thereon alleges that supervisors CAVANAUGH and HAMILTON made Plaintiff's working environment even more hostile when Defendant ZEPPOS left the office telling other employees of AMERIPRISE that Plaintiff was the person who "ratted out" Defendant ZEPPOS.

14.  Over the course of September, October, November and December of 2007, Plaintiff's work files, recommendations and transactions were looked over with intense scrutiny.  Supervisors at AMERIPRISE called it a "random audit."  Plaintiff was also treated differently after his complaints about Defendant ZEPPOS including being removed from being a Mentor Coach to new investment advisors in the company.

15.  In or about January of 2008, AMERIPRISE had two of its employees meet with Plaintiff and accuse him of forging client signatures. Plaintiff denied the allegations and told them to feel free

Complaint for Damages

4

to contact any of his clients to verify. None of the allegations were true and AMERIPRISE never informed Plaintiff of the result of the investigation but rather decided to report the investigation to the Financial Industry Regulatory Authority (hereinafter "FINRA") and have the fact of the investigation placed on Plaintiff's permanent record as set forth on his U5 form with the FINRA. The investigation had no merit and none of the allegations were ever substantiated.

16. As a result of the extremely hostile nature Plaintiff was being treated after complaining of the illegal conduct of Defendant ZEPPOS, Plaintiff's position with DEFENDANT was constructively terminated on April 16, 2008.

17. As a result of being subjected to discrimination, harassment and termination of employment by Defendant, Plaintiff suffered injuries including sleeplessness, stress, depression, and anxiety. Further, as a result of all of the foregoing and following actions taken towards Plaintiff as alleged herein, Plaintiff has incurred loss of earnings, benefits, and bonuses in an amount not yet ascertained.

18. All of the foregoing and following actions taken towards Plaintiff as alleged herein were carried out by Defendants in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff.

## FIRST CAUSE OF ACTION

### SEXUAL HARASSMENT [HOSTILE WORK ENVIRONMENT] IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (As Against All Defendants)

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 inclusive of this Complaint as if fully set forth at this place.

19. At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. The conduct

Complaint for Damages

5

of Defendants, and each of them, as herein describe above, constitutes hostile work environment **sexual** harassment in violation of California Government Code § 12940(j). The harassment complained of was based on sex and the harassment complained of was sufficiently severe and/or pervasive so as to alter the conditions of employment and create an abusive working environment. The hostile work environment was directed at Plaintiff and his co-workers in Plaintiff's presence as alleged in the general allegations herein.

20. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

21. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

22. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

23. The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

Complaint for Damages

6

## SECOND CAUSE OF ACTION

### SEXUAL ORIENTATION HARASSMENT IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (As Against All Defendants)

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 inclusive of this Complaint as if fully set forth at this place.

25. At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. The conduct of Defendants, and each of them, as herein describe above, constitutes hostile work environment **sexual** orientation harassment in violation of California Government Code § 12926(m)(q). The harassment complained of was based on sex orientation and the harassment complained of was sufficiently severe and/or pervasive so as to alter the conditions of employment and create an abusive working environment.   The attacks were on Plaintiff's sexual identity as alleged in the general allegations herein and were used to create a hostile work environment against Plaintiff and others in Plaintiffs presence as alleged in the general allegations herein..

26. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

27. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon

1   alleges that he will continue to experience said physical and emotional suffering for a period in the

2   future not presently ascertainable, all in an amount subject to proof at the time of trial.

3      28. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has

4   been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

5   continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover

6   attorneys' fees and costs under California Government Code § 12965(b).

7      29. The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or

8   managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and

9   inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby

10  justifying an award of punitive damages in a sum appropriate to punish and make an example of

11  Defendants, and each of them.

12                        **THIRD CAUSE OF ACTION**

13  **SEXUAL HARASSMENT IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.**

14              **[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

15                      **(As Against All Defendants)**

16     30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 inclusive of this

17  Complaint as if fully set forth at this place.

18     31. At all times herein mentioned, California Government Code § 12940  et seq., the Fair

19  Employment and Housing Act ("FEHA"), were in full force and effect and were binding on

20  Defendant and each of them, as Defendant regularly employed five (5) or more persons. The conduct

21  of Defendants, and each of them, as herein describe above, constitutes **sexual** harassment in violation

22  of California Government Code § 12940(j)..  As described in the general allegations incorporated

23  herein, the physical touching and verbal harassment committed by Plaintiff's supervisor, ZEPPOS,

24  was pervasive and unlawful in violation of the California Fair Employment and Housing Act.

25     32. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has

26  suffered actual, consequential and incidental financial losses, including without limitation, loss of

27

28

                              Complaint for Damages

                                       8

salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

33. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

34. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

35. The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (As Against Defendant AMERIPRISE and Does 1-50)

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 inclusive of this Complaint as if fully set forth at this place.

37. At all times herein mentioned, California Government Code § 12940 et seq. were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed

Complaint for Damages

9

five (5) or more persons. <u>California Government Code § 12940(h)</u> makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice.

38. Plaintiff engaged in protected activity by demanding that discriminatory acts by Defendants against Plaintiff and his co-workers cease so that Plaintiff could continue in his position as an investment advisor.

39. Plaintiff suffered an adverse employment action, including but not limited to, Defendants constant harassment and discriminatory conduct, as alleged in this Complaint, and being wrongfully investigated, mistreated and constructively terminated by Defendants in response to his complaints. In addition, Defendants wrongfully reported Plaintiff to the Financial Industry Regulatory Authority (hereinafter "FINRA") and had the fact of the investigation placed on Plaintiff's permanent record as set forth on his U5 form with the FINRA.

40. Defendants', and each of their, conduct as alleged above constituted unlawful retaliation in employment on account of Plaintiff's demands that discriminatory conduct cease in violation of <u>California Government Code § 12940(h)</u>.

41. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to <u>Civil Code § 3287</u> and/or § 3288 and/or any other provision of law providing for prejudgment interest.

42. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

43. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under <u>California Government Code § 12965(b)</u>.

44. The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION IN VIOLATION OF <u>GOVERNMENT CODE § 12940</u> ET SEQ. [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

#### (As Against Defendant Ameriprise and Does 51-80)

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 inclusive of this Complaint as if fully set forth at this place.

46. At all times herein mentioned, <u>California Government Code § 12940</u> et seq. were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. <u>California Government Code § 12940(k)</u> provides that is an unlawful employment practice for an employer or any other person, because of sex, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

47. Plaintiff is informed and believes that Defendants, and each of them, willfully and intentionally engaged in a course of conduct designed to harass and intimidate Plaintiff by creating a hostile work environment.

Complaint for Damages

11

48. Defendants' conduct included, but is not limited to, numerous comments by Defendants to Plaintiff, Plaintiff's coworkers as described in this Complaint due to his gender, sex, sexual orientation and the gender, sex, sexual orientation and race of his co-workers.

49. Despite full knowledge of Defendants' conduct, Defendants failed to take immediate and appropriate corrective action to prevent the harassment from continuing. At not time did Defendants take any action in regards to this serious and pervasive conduct.

50. Defendants' conduct was a concerted pattern of harassment of a repeated, routine and generalized nature. Plaintiff alleges that Defendant's conduct created an unreasonably abusive and offensive work environment.

51. Defendants, conduct as described herein was offensive and abusive and based on Plaintiff's gender, sex, sexual orientation and the gender, sex, orientation and race of his co-workers. Defendants' actions were so severe and pervasive that they altered the conditions of Plaintiff's employment.

52. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

53. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

54. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

55. The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

### SIXTH CAUSE OF ACTION

### FAILURE TO INVESTIGATE HARASSMENT AND DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(j) and (k)

### (As Against Defendant AMERIPRISE AND DOES 81-90)

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 inclusive of this complaint as if fully set forth at this place.

57. At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940(j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to promptly and thoroughly investigate complaints of harassment and discrimination, among other things.

58. Plaintiff complained to Defendants regarding the discrimination subjected to him by Defendants by making a complaint to the human resource department and managers. However, Defendants failed to promptly and/or adequately investigate Plaintiff's complaints of harassment and discrimination.

59. In failing to promptly and thoroughly investigate Plaintiff's complaints of discrimination, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth.

60. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of

---

Complaint for Damages

13

salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

61. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

62. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

63. The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## SEVENTH CAUSE OF ACTION

### (As Against All Defendants and DOES 91-100)

64. Plaintiff incorporates herein by reference paragraphs 1 through 63 herein-above as though fully set forth at length herein and made a part thereto.

65. In or about January of 2008, AMERIPRISE had two of its employees meet with Plaintiff and accuse him of forging client signatures. Plaintiff denied the allegations and told them to feel free to contact any of his clients to verify. None of the allegations were true and AMERIPRISE never informed Plaintiff of the result of the investigation but rather decided to tell third parties that Plaintiff

Complaint for Damages

14

was engaged in fraudulent activity and report the investigation to the Financial Industry Regulatory Authority (hereinafter "FINRA") and have the fact of the investigation placed on Plaintiff's permanent record as set forth on his U5 form with the FINRA. The investigation had no merit and none of the allegations were ever substantiated.

66. Plaintiff is informed believes and based thereon alleges that Defendants and each of them republished the statements in writing and provided the written complaints to FINRA.

67. The statements were false and the investigation had no merit other than to punish Plaintiff for complaining about protected activity.

68. As a proximate result of the slanderous and libelous statements made by defendants, and each of them, plaintiffs sustained general damages.

69. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, by herein described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons. These false and defamatory statements included express and implied accusations by Defendants that Plaintiff was engaged fraud and the forging of client signatures.

70. Plaintiff is informed and believes and thereon alleges that during the above-described time-frame Defendants, and each of them, by herein described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons. Those third person(s) to home these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, the community, and, directly or indirectly, potential employers of Plaintiff and the Financial Industry Regulatory Authority (hereinafter "FINRA").

71. Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiffs business, professional, and

---

Complaint for Damages

15

personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

72. The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above referenced third person recipients and other members of the community who are known to Defendants, and each of them, but are unknown to the Plaintiff at this time.

73. None of Defendants' defamatory publications against Plaintiff referenced above are true.

74. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

75. Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege, which Plaintiff denies existed, since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause her to be fired, to justify her firing, and to retaliate against Plaintiff for complaining about an ongoing hostile work environment.

76. Each of these publications by Defendants, and each of them, was made with knowledge that no investigation supported the unsubstantiated and obviously false statements, and without investigation into the current sate of law or the policies of Defendants. The Defendants, and each of them, published these statements knowing them to be false, and unsustained by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent and reckless. In fact, not only did Defendants, and each of them, have no reasonable basis

to believe these statements but they also had no belief in the truth of these statements. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

77. The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's reputation, employment and employability. Defendants, and each of them, published these statements not with the intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or intent to injure Plaintiff and destroy her reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

78. As a legal result of the publication and republications of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business, and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

79. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice, as described above, and which abused and/or the existence of any conditional privilege, which in fact did not exist, and with reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton,

obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

80. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

81. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

82. The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (As Against Defendant AMERIPRISE)

83. Plaintiff, re-alleges the information set forth in Paragraphs 1-82 above and by this reference incorporates said paragraphs herein as though fully set forth at length.

Complaint for Damages

18

84.    Under California law, no employee, whether they are an at-will employee or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. In recent years, the California courts have interpreted a fundamental public policy to be any articulable constitutional or statutory provision that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

85.    Plaintiff is informed, believes, and based thereon, alleges that Defendant terminated Plaintiff in violation of public policy by terminating him on the basis of him complaining and refusing to acquiesce to the harassment, discrimination and illegal conduct of ZEPPOS and others about the issues described in the general allegations herein, which are issues that effect society at large as follows:

a.    by terminating, retaliating, discriminating and harassing Plaintiff for complaining that said Defendants were engaging in conduct that violated the California Government Code section 12940, et. seq.

86.    Plaintiff is informed, believes, and based thereon, alleges that said Defendants constructively terminated Plaintiff in violation of public policy by terminating him because he complained and refused to acquiesce to the harassment, discrimination and illegal conduct of ZEPPOS and others about the issues described in the general allegations herein The conduct which Plaintiff complained of, that Plaintiff reasonably believed to violate statutes of the State of California subjects said Defendants to liability under *Flait v. North American Watch Co.,* 3 Cal.App.4th 467, 4 Cal.Rptr.2d 522 (1992) which held that it is against the public policy of the State of California to terminate an employee for their reasonable but mistaken belief that their employer and/or their employer's agents are engaging in statutorily prohibited conduct. In the case at bar, however, the conduct was **in fact** statutorily prohibited.

87.    By terminating Plaintiff for making complaints and refusing to acquiesce to the activity of ZEPPOS, Defendants violated California Government Code section 12940 et. Seq. , and in doing so, adopted and enforced rules and policies whereby Plaintiff would be retaliated against and terminated for complaining and disclosing to his employer what the Plaintiff reasonably believed to be illegal violations of statues and regulations of the State of California.

88.    All other state and federal statues, regulations, administrative orders, and ordinances which effect society at large and which discovery will reveal were violated by all named and DOE defendants by terminating and retaliating against Plaintiff for opposing said Defendants conduct in violation of the statutes described herein.

89.    Plaintiff alleges that said Defendant violated articulable public policies, affecting society at large, by violating the statutes, as described herein, by retaliating against Plaintiff and terminating him for complaining of that which the Plaintiff reasonably believed constituted violations of the law.  Specifically, Plaintiff alleges that said Defendant's violations of the above referred statutes affect society at large as follows:

90.    by terminating, retaliating, discriminating and harassing  Plaintiff for complaining that said Defendants were engaging in conduct that violated the California Government Code section 12940, et. seq.

91.    As a direct, foreseeable, and proximate result of the actions of said Defendants, Plaintiff has suffered, and continues to suffer, physical injuries, severe emotional distress, substantial losses in salary, bonuses and other employment benefits he would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

92.    The grossly reckless and/or intentional, malicious, and bad faith manner in which said defendants conducted themselves as described in this cause of action by willfully violating those

statues enumerated herein, Plaintiff prays for punitive damages against all named Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, and deter them from engaging in such conduct again, and to make an example of them to others.

93.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisors and was ratified by those other individuals who were managing agents of Defendants.  These unlawful acts were further ratified by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

## NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As Against All Defendants)

94. Plaintiff, realleges the information set for in Paragraphs 1-93 above and by this reference incorporates said paragraphs herein as though fully set forth at length.

95. Defendants intentionally and/or recklessly acted in an outrageous manner that they recklessly and/or intentionally knew would subject the Plaintiff to severe emotional distress by:

a.   harassing, discriminating, retaliating and terminating  Plaintiff as described in the general allegations herein.

96.    Defendants' conduct as alleged in this cause of action, directly and proximately resulted in the Plaintiffs' suffering and continuing to suffer, distress,  sleeplessness, stress, anxiety, and depression.

Complaint for Damages

21

97.    As a direct, foreseeable, and proximate result of Defendants' actions, and each of their actions alleged in this cause of action, the Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits he would have received had said Defendants actions, and each of their actions, not caused him such emotional suffering and grief, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

98.    As a direct, foreseeable, and proximate result of said Defendant's actions, and each of their actions as alleged in this cause of action which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard the Plaintiff's rights by taking the actions alleged in this cause of action, the Plaintiff prays for punitive damages against said Defendants, and each of them, in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendant, deter future conduct by said Defendant and others behaving like them, and to make an example of said Defendants.

99.    Plaintiff has been damaged in an amount not yet fully known and to be determined upon trial in the matters herein.

100.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above was done with oppression and malice by said Defendants and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from said Defendant for his acts as described in this cause of action in a sum to be determined at the time of trial.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For special damages in an amount within the jurisdictional limits of this Court;

Complaint for Damages

22

3. For medical expenses and related items of expense, according to proof;

4. For loss of earnings, according to proof;

5. For attorneys' fees, according to proof;

6. For prejudgment interest, according to proof;

7. For punitive and exemplary damages, according to proof;

8. For costs of suit incurred herein; and

9. For such other relief and the Court may deem just and proper.

DATED: September 18, 2008                    LAW OFFICES OF JOSHUA W. GLOTZER

                                             BY: _____
                                             Joshua W. Glotzer, Esq.
                                             Attorneys for Plaintiff
                                             JUSTIN REESE

Complaint for Damages

23

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Reese v. Ameriprise Financial Service, Inc., et. al. | BC 398483 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐YES   LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Reese v. Ameriprise Financial Service, Inc., et. al. | CASE NUMBER<br>BC398483 |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Reese v. Ameriprise Financial Service, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Reese v. Ameriprise Financial Service, Inc., et. al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>11835 West Olympic Blvd., Suite 900E, Los<br>Angeles, CA 90064 | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90064 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Downtown</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>September 19, 2008</u>

<u>(SIGNATURE OF ATTORNEY/FILING PARTY)</u>

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

—Joshua W. Glotzer, SBN#178228
**JOSHUA W. GLOTZER, ESQ., A PROFESSIONAL CORPORATION**
6399 Wilshire Blvd., #810
Los Angeles, California 90048
TELEPHONE NO: (323) 456-0288    FAX NO: (323) 456-0377
ATTORNEY FOR *(Name):* Plaintiff, Justin Reese

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 19 2008

JOHN A. CLARKE, CLERK

BY SHAUNYA WESLEY, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME:
Justin Reese v. Ameriprise Financial Services, Inc., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 398483 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify):* 9, sexual harassment, orientation harassment, gender, IIED, wrong term

5. This case [ ] is [✓] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 19, 2008

Joshua W. Glotzer

▶ _____

(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

 CT Corporation

**Service of Process Transmittal**
09/30/2008
CT Log Number 513915936

**TO:**     Litigation Counsel
Ameriprise Financial, Inc.
50587 Ameriprise Financial Center
Minneapolis, MN 55474

**RE:**     **Process Served in California**

**FOR:**    Ameriprise Financial Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Justin Reese, Pltf. vs. Ameriprise Financial Services Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA<br>Case # BC398483 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - April 16, 2008 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/29/2008 at 13:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Joshua W. Glotzer<br>Joshua W. Glotzer, A Professional Corporation<br>6399 Wilshire Blvd<br>#810<br>Los Angeles, CA 90048<br>323-944-0993 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 790590587586<br>Email Notification, Litigation Counsel Litigation_Team@ampf.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



RECEIVED
OCT 02 2008
By GCO LITIGATION TEAM

Page 1 of  1 / JD

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents

**EXHIBIT B**

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of OCT 10, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| AMERIPRISE FINANCIAL SERVICES, INC. | | |
| **Number:** C0696573 | **Date Filed:** 1/11/1974 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| Address | | |
| 1163 AMERIPRISE FINANCIAL CENTER | | |
| MINNEAPOLIS, MN 55474 | | |
| Agent for Service of Process | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-2301. On October 29, 2008, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:     **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(B)**

SERVED UPON:            **SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by O.C. Corporate Courier to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on October 29, 2008, at Irvine, California.

Heather Gribben

# SERVICE LIST

1

2

3   Joshua W. Glotzer, Esq.                    Darren D. Daniels, Esq.
    JOSHUA W. GLOTZER, ESQ. A                  Law Offices of Darren D. Daniels
4   PROFESSIONAL CORPORATION                   8001 Irvine Center Dr Ste 1575
    6399 Wilshire Blvd., #810                  Irvine, CA, 92618
5   Los Angeles, California  90048             (949) 387-0011 telephone
    (323) 456-0288 telephone                   (949) 753-8131 facsimile
6   (323) 456-0377 facsimile
7
8   Attorneys for Plaintiff, JUSTIN REESE      Attorneys for Defendant,
                                               GEORGE ALEX ZEPPOS
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(B)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV08- 7137 PSG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JUSTIN REESE | AMERIPRISE FINANCIAL SERVICES, INC., a Delaware Corporation, GEORGE ALEX ZEPPOS, and Does 1-100 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOSHUA W. GLOTZER and STEVEN M. SWEAT, 6399 Wilshire Blvd., #810, Los Angeles, California 90048, Telephone: (323) 456-0288 or (323) 944-0993 | JESSICA LINEHAN, DORSEY & WHITNEY LLP, 38 Technology Drive, Suite 100, Irvine, California 92618, Telephone: (949) 932-3600 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ Over $25,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The United States District Court has original jurisdiction under the diversity statute 28 U.S.C. Section 1332, and may be removed under 28 U.S.C. Section 1441(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: | Case Number: | CV08-07137 |
|---|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ameriprise Financial Services, Inc. - Minnesota<br>George Alex Zeppos - Massachusetts |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date _____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4

5

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-2301. On October 29, 2008, I served the documents named below on the parties in this action as follows:

6

DOCUMENT(S) SERVED:    **CIVIL COVER SHEET**

7

SERVED UPON:    **SEE ATTACHED SERVICE LIST**

8

9

10

11

12

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

13

14

15

☒ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by O.C. Corporate Courier to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

16

17

18

19

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

20

21

22

☐ (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

23

24

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26

☐ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

27

Executed on October 29, 2008, at Irvine, California.

28

Heather Gribben

-3-
CIVIL COVER SHEET

4844-4638-2083\1

# SERVICE LIST

Joshua W. Glotzer, Esq.
JOSHUA W. GLOTZER, ESQ. A
PROFESSIONAL CORPORATION
6399 Wilshire Blvd., #810
Los Angeles, California 90048
(323) 456-0288 telephone
(323) 456-0377 facsimile

Attorneys for Plaintiff, JUSTIN REESE

Darren D. Daniels, Esq.
Law Offices of Darren D. Daniels
8001 Irvine Center Dr Ste 1575
Irvine, CA, 92618
(949) 387-0011 telephone
(949) 753-8131 facsimile

Attorneys for Defendant,
GEORGE ALEX ZEPPOS

CIVIL COVER SHEET

4844-4638-2083\1