O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7137 PSG (Ex) | Date | Dec. 18, 2008 |
|---|---|---|---|
| Title | Justin Reese v. Ameriprise Financial Services, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | | Not Present | n/a |
| Deputy Clerk | | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:**     **(In Chambers) Order Remanding the Case**

I.     BACKGROUND

Plaintiff Justin Reese ("Reese") alleges that while he was an employee at Defendant Ameriprise Financial Services, Inc. ("Ameriprise"), he was subjected to harassment and discrimination by the field vice-president, Defendant George Zeppos ("Zeppos"). Reese further alleges that after he complained to his supervisors about Zeppos' behavior, he was subjected to "random audits" and accused by other employees of professional wrongdoings of various sorts. These are just two examples of the alleged discrimination that Reese faced and which contributed to what he refers to as a "hostile" working environment. As a consequence of the foregoing, Reese alleges that his position with Ameriprise was constructively terminated.

On September 19, 2008, Reese filed a lawsuit against Ameriprise and Zeppos (collectively, "Defendants") in the Los Angeles County Superior Court, asserting, inter alia, that Defendants' conduct violated California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940. Then, on October 20, 2008, Ameriprise removed the case to this Court on the basis of diversity. However, after reviewing Reese's Complaint and Ameriprise's Removal Notice, the Court found that the jurisdictional allegations appeared to be defective because they failed to (1) establish Reese's citizenship; (2) establish Zeppos' citizenship; (3) offer adequate facts to support the allegation of Ameriprise's principal place of business ("PPOB"); and (4) show that the amount-in-controversy exceeds $75,000, exclusive of attorney's fees and costs.[1] Accordingly, the Court issued an Order to Show Cause ("OSC") in writing no later than

---

[1] In addition, the Court noted that not all served defendants had joined in the notice of removal. *See* 28 U.S.C. § 1441(a).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7137 PSG (Ex) | Date | Dec. 18, 2008 |
|---|---|---|---|
| Title | Justin Reese v. Ameriprise Financial Services, Inc. | | |

December 3, 2008 why the Court should not remand the case based on lack of subject matter jurisdiction.

II.   LEGAL STANDARD

When a defendant removes a case pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction, the burden is on the defendant to prove that the court has subject matter jurisdiction over the case.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Where the initial pleading does not disclose the citizenship of each party and the amount-in-controversy, the case is not removable unless the defendant can prove these jurisdictional facts.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

III.   DISCUSSION

In its response ("Response") to the Court's OSC, Ameriprise argues that the Court has jurisdiction based on diversity.  Whether this is true depends on whether Ameriprise can (1) establish that there is complete diversity between the plaintiff and the defendants, and (2) show that the amount-in-controversy requirement has been met.  *See* 28 U.S.C. § 1332; *Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

   A.   Whether Ameriprise Has Established that Complete Diversity Exists

The Court first considers whether Ameriprise has established that complete diversity exists in this case.  The basic requirement in diversity cases is that all plaintiffs must be of different citizenship than all defendants; any instance of common citizenship prevents federal diversity jurisdiction.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).  What this means in this particular case is that to establish complete diversity Ameriprise must demonstrate that Reese has a different citizenship from both Ameriprise and Zeppos.[2]

Despite carrying the burden to establish each party's citizenship, Ameriprise has failed to do so with respect to Reese and Zeppos.  In support of its position that Reese is a citizen of California, Ameriprise cites to Paragraph 1 of Reese's Complaint.[3]  But the Complaint speaks in

---

[2] Diversity jurisdiction depends upon the citizenship of the parties named, not whether they have been served.  Thus, complete diversity is defeated by joinder of a nondiverse codefendant, even if she has not been served.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S. Ct. 347, 83 L. Ed. 334 (1939).

[3] This Paragraph provides: "At all times herein mentioned, Plaintiff . . . was a resident of the County of Los Angeles, State of California."  *See Compl.* ¶ 1.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7137 PSG (Ex) | Date | Dec. 18, 2008 |
|---|---|---|---|
| Title | Justin Reese v. Ameriprise Financial Services, Inc. | | |

terms of residency, not citizenship. And since the distinction between residency and citizenship is not just a matter of semantics, *see Harris*, 425 F.3d at 695; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasizing that 28 U.S.C. § 1332 "speaks of citizenship, not of residency"), the Court finds that Reese's Complaint fails to establish that his state of citizenship is California.

Allegations with respect to Zeppos' state of citizenship are equally deficient. According to Ameriprise, Zeppos is either a citizen of Pennsylvania or Massachusetts. In an attempt to establish that Zeppos is a citizen of Pennsylvania, Ameriprise again relies on a Paragraph in Reese's Complaint.[4] However, as was the case above, the Court finds that since Reese's Complaint only speaks to Zeppos' residency, it does not allege adequate facts to enable this Court to determine that Zeppos' state of citizenship is Pennsylvania.

In comparison, in an effort to establish that Zeppos might be a citizen of Massachusetts, Ameriprise cites to the Declaration of Thomas R. Moore. Moore testifies that "[a]ccording to Ameriprise Financial's records, George Alex Zeppos' last known address was 635 Belmont Street, Belmont, Massachusetts, 02478-4420." *Moore Decl.* ¶ 16. To be a citizen of a state, a natural person must be domiciled within the State. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). A person's domicile is her permanent home, where she resides with the intention to remain or to return. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Moore's testimony fails to establish that Zeppos intends to remain in Massachusetts. Consequently, the Court finds that the testimony fails to establish Zeppos' state of citizenship as Massachusetts.

It was incumbent upon Ameriprise to establish each party's citizenship; its failure to do so means that this Court cannot determine diversity of citizenship. Because the Court cannot ensure that complete diversity exists, it finds that it lacks subject matter jurisdiction. Accordingly, the Court REMANDS the case.[5]

IV. <u>CONCLUSION</u>

---

[4] Specifically, the Complaint provides that, "At all times herein mentioned, Defendant, GEORGE ALEX ZEPPOS . . . resided in the County of Los Angeles, State of California. Plaintiff is informed, believes and based thereon that Defendant ZEPPOS currently resides at 1050 Oak Mill Rd, Reading, PA 19610." *Compl.* ¶ 6.

[5] The fact that Ameriprise has failed to establish Reese's and Zeppos' citizenship is reason enough to remand the case. For that reason, the Court declines to consider whether Ameriprise has adequately established its citizenship or shown that the amount-in-controversy is met.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-7137 PSG (Ex) | Date | Dec. 18, 2008 |
|---|---|---|---|
| Title | Justin Reese v. Ameriprise Financial Services, Inc. | | |

The Court REMANDS the case.  The clerk is hereby directed to close this case.

**IT IS SO ORDERED.**